IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RYAN GREGORY JOHNSON,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING IN PART PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND SETTING EVIDENTIARY HEARING<br><br>Civil Case No. 2:15-CV-345 TS<br>Criminal Case No. 2:11-CR-232 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. In his § 2255 Motion, Petitioner raises three claims of ineffective assistance of counsel. For the reasons discussed below, the Court finds that Petitioner's second and third claims must be dismissed, but that his first claim requires an evidentiary hearing. Therefore, the Court will appoint counsel and set this matter for an evidentiary hearing on Petitioner's first claim for ineffective assistance of counsel.

I. BACKGROUND

On March 23, 2011, Petitioner was charged with production of child pornography and possession of child pornography in violation of 18 U.S.C. §§ 2251(a) and 2252A(a)(5)(B). On May 24, 2012, Petitioner pleaded guilty to production of child pornography.

The Presentence Report contained a two-level enhancement because the offense involved distribution. Petitioner's counsel did not object to the inclusion of this enhancement.

Petitioner's guideline range was 324–405 months. At sentencing, the Court varied downward and imposed a sentence of 300 months.

Petitioner filed a direct appeal of the Court's sentence. Petitioner argued that the Court erred in adopting the Presentence Report's calculations and imposing the two-level enhancement for distribution because no facts in the Presentence Report or the plea agreement justified the enhancement. The Tenth Circuit affirmed Petitioner's sentence, finding that he had waived any objection to the enhancement by failing to object at sentencing.[1]

## II.  DISCUSSION

Petitioner raises three claims of ineffective assistance of counsel. First, Petitioner asserts that counsel was ineffective for failing to object to the two-level enhancement for distribution. Second, Petitioner argues that counsel was ineffective for not objecting to an alleged illegal search and seizure. Finally, Petitioner argues that counsel was ineffective for failing to assert claims that officers failed to provide him *Miranda* warnings. The Court will discuss each in turn.

28 U.S.C. § 2255(a) provides,

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The government argues that Petitioner's first claim is procedurally barred because it was raised on direct appeal. Under § 2255, Petitioner may not raise issues that have been previously

---

[1] *United States v. Johnson*, 554 F. App'x 695, 699 (10th Cir. 2014).

considered and disposed of on direct appeal.[2]  "Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255."[3]  However, ineffective assistance of counsel claims may be raised for the first time in a collateral proceeding.[4]  Indeed, "it is well established that ineffective assistance of counsel claims should generally be brought in collateral proceedings, not on direct criminal appeal."[5]  While the issue raised on appeal was similar to Petitioner's first claim of ineffective assistance of counsel, the Court cannot find that Petitioner's claim was raised on direct appeal.  The issue on appeal was whether the distribution enhancement was properly applied while the issue here is whether counsel was ineffective for failing to object to the imposition of the enhancement.  Therefore, the Court finds that it is not procedurally barred and will proceed to the merits.[6]

The Supreme Court has set forth a two-pronged test to guide the Court in making a determination of ineffective assistance of counsel.  "To determine ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[7]  A court is to review Petitioner's ineffective-assistance-of-counsel claim from the perspective of his counsel at the

---

[2] *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994).

[3] *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989).

[4] *Massaro v. United States*, 538 U.S. 500, 504 (2003).

[5] *United States v. Trestyn*, 646 F.3d 732, 741 (10th Cir. 2011).

[6] Even if this claim was procedurally barred, Petitioner could overcome this procedural bar by demonstrating cause and prejudice.  "A defendant may establish cause for his procedural default by showing that he received ineffective assistance of counsel in violation of the Sixth Amendment."  *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995).

[7] *United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 690 (1984)).

time he or she rendered the legal services, not in hindsight.[8] In addition, in evaluating counsel's performance, the focus is not on what is prudent or appropriate, but only what is constitutionally compelled.[9] Finally, there is "a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[10]

Petitioner contends that his counsel was ineffective for failing to object to the two-level distribution enhancement. Petitioner argues that there was insufficient evidence to support the enhancement. Petitioner further argues that, without the enhancement, his guideline range would have been 262–327 months and that he may have received a lesser sentence.

The government argues that Petitioner cannot establish prejudice because Petitioner's ultimate sentence fell within the guideline range that would have applied without the enhancement. This argument is contrary to Supreme Court and Tenth Circuit precedent. In *Glover v. United States*,[11] the Supreme Court stated that "any amount of actual jail time has Sixth Amendment significance."[12] Thus, the failure of counsel to object to an enhancement that led to a potential sentence increase from 6 to 21 months was sufficient to demonstrate prejudice under *Strickland*.[13]

The Tenth Circuit addressed a similar situation to the one presented in this case in *United States v. Horey*.[14] In that case, counsel failed to object to an inapplicable career offender

---

[8] *Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

[9] *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

[10] *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2002).

[11] 531 U.S. 198 (2001).

[12] *Id.* at 203.

[13] *Id.* at 202.

[14] 333 F.3d 1185 (10th Cir. 2003).

enhancement that increased the applicable guideline range.[15] The government argued, as it does here, "that counsel's error was not prejudicial because Mr. Horey was sentenced within the guideline range that would have applied without the career offender enhancement."[16] The Tenth Circuit rejected this argument. The court found that because there was an increase in the amount of jail time that might be served using the improperly-calculated guideline range, the petitioner had established prejudice.[17] The court reasoned that, since the petitioner had been sentenced to the low-end of the guideline range before, "it is certainly possible that the district court may choose to sentence Mr. Horey to the minimum range under the proper guideline."[18]

The same result is required here. While Petitioner was ultimately sentenced within the range of the guidelines as calculated without the sentencing enhancement, the Court varied downward in imposing that sentence. It is possible that the Court would have either sentenced Petitioner to the low-end of the guideline range, or even below, had the distribution enhancement been removed, as Petitioner argues. Thus, the Court must reject the government's argument that Petitioner cannot demonstrate prejudice.

Turning to the deficient performance prong, the Tenth Circuit has stated that "the failure to object to the legally erroneous imposition of an enhancement under the Sentencing Guidelines constitutes ineffective assistance." The government presents no evidence or argument as to whether the enhancement was applied in error. However, Petitioner has stated that there is no evidence to support the enhancement. If Petitioner is correct, he may be entitled to relief.

---

[15] *Id.* at 1186.

[16] *Id.* at 1187.

[17] *Id.* at 1188.

[18] *Id.*

Therefore, an evidentiary hearing is required to determine whether counsel's performance was deficient in failing to object to the distribution enhancement.

Petitioner's second and third claims allege that counsel was ineffective for failing to raise certain alleged constitutional violations. "[I]t is well established that a voluntary and unconditional guilty plea waives all non-jurisdictional defenses."[19]

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not [competent].[20]

Here, Petitioner entered his plea knowingly, intelligently, and voluntarily. Therefore, he may not now assert claims that he was deprived of his Fourth and Fifth Amendment rights. Moreover, Petitioner does not set forth sufficient facts to support his claims that he suffered a constitutional deprivation. Petitioner appears to concede that he provided consent for officers to search his computer and there is no indication that he was subjected to custodial interrogation requiring officers to advise him of his *Miranda* rights.

Petitioner attempts to establish a connection between the alleged violations of his constitutional rights and his claim for ineffective assistance. In order to prevail, Petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[21] Petitioner's Motion makes no effort

---

[19] *United States v. Salazar*, 323 F.3d 852, 856 (10th Cir. 2003).

[20] *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

[21] *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

to assert that, but for counsel's alleged failure to raise these constitutional violations, he would have proceeded to trial.

In his Reply, Petitioner states that he "would have gone to trial if he had known the evidence was inadmissible."[22] This statement is problematic for several reasons. First, it is a conclusory statement and is not supported by anything in the record. Second, it ignores the knowing and voluntary nature of Petitioner's plea. Third, it was made for the first time in Petitioner's Reply and the Court generally does not consider such untimely arguments.[23] Finally, Petitioner's statement is premised on the notion that he would have proceeded to trial only if his counsel raised the issues and was successful in having the evidence suppressed. As set forth above, Petitioner has failed to demonstrate that the underlying suppression issues were meritorious. Therefore, Petitioner's second and third claims fail.

### III.  CONCLUSION

Based upon the above, it is hereby

ORDERED that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket No. 1) is DENIED IN PART as set forth above. It is further

ORDERED that an evidentiary hearing is set for December 14, 2015, at 2:00 p.m. It is further

ORDERED that the Court, by separate order, will appoint counsel pursuant to Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

---

[22] Docket No. 7, at 5.

[23] *See Pickering v. USX Corp.*, 758 F. Supp. 1460, 1461 n.2 (D. Utah 1990).

DATED this 21st day of September, 2015.

BY THE COURT:

_____
Ted Stewart
United States District Judge